(No. 45239.—

THRALL CAR MANUFACTURING COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*— (Joseph Perry, Appellee.)

*Opinion filed April 2, 1973.*

RAYMOND J. KELLY and SAYFARTH, SHAW, FAIRWEATHER & GERALDSON, both of Chicago, for appellant.

PIACENTI, CIFELLI & PIGATO, of Chicago Heights (NICHOLAS LIONTAKIS, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An Industrial Commission arbitrator found that the claimant, Joseph Perry, had sustained an accidental injury arising out of and in the course of his employment by the respondent, Thrall Car Manufacturing Company. He also found, however, that the claimant had failed to prove that he sustained any disability for which compensation was payable. The Commission confirmed the decision of the arbitrator, but the circuit court of Cook County reversed, and remanded the matter to the Commission with directions that 60 weeks compensation be awarded under section 138.8(d) of the Workmen's Compensation Act.

The Commission did so, the circuit court affirmed, and the respondent has appealed.

As a result of an accident in the course of his employment on April 4, 1967, the claimant was hospitalized for three days. He received pain killers but no other treatment, then or thereafter, and he returned to work a week after the accident. From that time until the hearing before the arbitrator he worked continuously at his former job as a welder. He testified that once or twice a month he experienced pain in his back and left leg.

The claimant presented one medical expert before the arbitrator and another on review before the Commission; the respondent did the same. One set of X rays taken at the hospital following the accident, two sets a year later, and another set taken three years after the accident were introduced in evidence, as well as two very brief reports of roentgenologists.

Two phenomena disclosed by the X rays were advanced as evidence of fracture. The first is a wedge-shaped deformity of the first lumbar vertebra. The physicians offered by the claimant described this as a mild compression fracture which could have been caused by the accident. The physicians offered by the respondent attributed the wedging to Scheuermann's disease, as did the physician who took X rays immediately after the accident. In this respect the original decision of the Commission was not against the manifest weight of the evidence.

The circuit court emphasized the second phenomenon revealed by the X rays—a small ossicle apparently detached by an avulsion fracture of the spinous process of the vertebra. This phenomenon was not mentioned by the doctors who testified before the arbitrator. Both doctors who testified before the Commission agreed on the interpretation of the X rays, which showed the ossicle, and agreed that it was of traumatic origin, although there was no way to fix its age. The claimant had testified at the

original hearing that he had not suffered any other trauma, either before or after the accident. With respect to the fracture of the spinous process of the vertebra, therefore, we agree with the circuit court that the decision of the Industrial Commission was against the manifest weight of the evidence.

The circuit court erred, however, with respect to the amount of compensation to be awarded. The statute provides for 30 weeks compensation for a fracture of the spinous process. (Ill. Rev. Stat. 1965, ch. 48, par. 138.8(d).) The decision of the circuit court is therefore reversed, and the cause is remanded to the Commission with directions to enter an award of 30 weeks compensation.

*Reversed and remanded, with directions.*